**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MICHAEL MADISON,

                             Plaintiff,

        - v -                                            Civ. No. 9:08-CV-1125
                                                                   (FJS/RFT)

GRECCO, *Correctional Counselor, Coxsackie*
*Correctional Facility*; BAILEY, *Senior Correctional*
*Counselor, Coxsackie Correctional Facility*;
GUITWEIN, *CHO*, *Coxsackie Correctional Facility*,

                             Defendants.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

MICHAEL MADISON
Plaintiff, *Pro se*
05-R-3756
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ANDREW M. CUOMO                    KRISTA A. ROCK, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff Michael Madison has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights to, *inter alia*, due process, equal protection, and privacy. Dkt. No. 1, Compl. Presently before the Court is Defendants' Motion to Dismiss the Complaint, which Plaintiff opposes. Dkt. Nos. 12 & 16. For the reasons that follow, it is recommended that Defendants' Motion be **granted**.

## I. BACKGROUND

For the purposes of addressing Defendants' Motion to Dismiss, and in accordance with the applicable standard for so doing, we assume the facts pled in Plaintiff's Complaint to be true. *See infra* Part II.A.

Plaintiff had ongoing issues with Defendant Counselor Grecco pertaining to Plaintiff's attempts to gain entry into the Aggressive Replacement Training Program. Compl. at ¶ 6. At some point, Grecco issued two disciplinary reports against Plaintiff. *Id.* One of those reports accused Plaintiff of making an inappropriate request, and a Tier III disciplinary hearing was held on that report. At the disciplinary hearing, Grecco testified that she felt threatened by Plaintiff's request, although she did not say she felt threatened in her report. *Id.* Grecco also testified that after receiving Plaintiff's request, she immediately went to her supervisor, Defendant Senior Correctional Counselor Bailey. *Id.* Plaintiff claims that if Grecco showed Bailey the correspondences, Bailey "should have seen that the report written by Ms. Grecco and the correspondence [do] not correspond with each other due to [Grecco's] false accusations." *Id.*

Plaintiff asserts that as an Aggression Replacement Training Counselor, Grecco knew that Plaintiff needed to complete that program in order to be eligible for release on September 26, 2008, and that his inability to complete the program prevented his release. *Id.* at ¶ 7. Plaintiff alleges that Grecco "simply got tired of hearing about the situation so she acted in an inappropriate manner." *Id.* at ¶ 6. Plaintiff filed a grievance about Grecco alleging that she was acting unprofessionally by saying things to other inmates about Plaintiff. *Id.* at ¶ 6.

Plaintiff also wrote to Bailey concerning an issue about his conditional release date and his completion of a required program, however, Bailey did not answer Plaintiff until he wrote a

grievance about her failure to respond to his correspondence.[1]  Bailey wrote Plaintiff back on the same date he was convicted and received a sentence at the disciplinary hearing.

Plaintiff appealed the hearing decision on the grounds that Defendant Correctional Hearing Officer (CHO) Guitwein sought help from other correctional officers in order to conduct the hearing. *Id.* at ¶ 7.  Plaintiff alleges Guitwein "fell for Ms. Grecco's testimony due to her saying she felt threatened," even though she did not make any such allegation in her report.  Plaintiff alleges that because of Grecco's testimony, Guitwein ignored the evidence Plaintiff presented before him. *Id.* As a result of his conviction, Plaintiff was assessed ninety (90) days in solitary confinement. *Id.*

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  Moreover, "even if not attached

---

[1] Although Plaintiff does not say in his Complaint whether he filed the grievance against Bailey, Grecco, or someone else, he makes clear in his Response to Defendants' Motion that he filed the grievance against Bailey based on her failure to respond to his correspondence.  Pl.'s Resp. at p. 2.

or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (emphasis added).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459

U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __ 129 S. Ct. at 1950-51.

### B.  False Misbehavior Report

Plaintiff alleges that Defendant Grecco filed a false misbehavior report against him. Although Plaintiff does not describe in detail what the substance of the charges against him were, he states that Grecco accused him of making an "inappropriate request." Compl. at ¶ 6. In any event, the specifics of Grecco's accusation are of no moment because there is "no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Gill v. Riddick*, 2005 WL 755745, at *7 (N.D.N.Y. Mar. 31, 2005). While inmates may have a valid cause of action where a false misbehavior report is filed *in retaliation* for the exercise of a constitutional right, *see, e.g., Gill v. Riddick*, 2005 WL 755745 at *7, Plaintiff does not allege that Grecco retaliated against him, nor has he established that he was engaged in constitutionally protected conduct.

Therefore, Plaintiff's claim that Grecco filed a false misbehavior report against him should be **dismissed**.

### C.  Equal Protection Claim

Plaintiff alleges that Defendants violated his right to equal protection under the law. Although his claim is unclear at best, Plaintiff's appears to assert that Defendant Guitwein treated him differently from other inmates when he sanctioned Plaintiff solely because Grecco is a female

-5-

civilian, "and its been known that a disciplinary [action] by either [a woman or a civilian] sticks no matter [what] the testimony or sufficient evidence you present [is and] even when the accusation is hearsay."  Compl. at ¶ 7.

The Equal Protection Clause of the Fourteenth Amendment states "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.  It further "directs that all persons similarly situated . . . be treated alike." *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999) (internal citations and quotation marks omitted).  As a general rule, the Equal Protection Clause protects suspect classes and fundamental rights against inequitable treatment.  *LeClair v. Saunders*, 627 F.2d 606, 611 (2d Cir. 1980) (citing *Dandridge v. Williams*, 397 U.S. 471, 487 (1970)).  However, an equal protection claim may be brought "by a 'class of one' where a plaintiff alleges that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  *African Trade & Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355, 362-63 (2d Cir. 2002) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

To establish a valid equal protection claim based on selective enforcement, a plaintiff must demonstrate that "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  *LeClair v. Saunders*, 627 F.2d at 609-10.

In this case, although Plaintiff alleges in conclusory fashion that he was "treated differently from other prisoners," he fails to identify any other individuals who were treated differently from him and how.  *See Bell. Atl. Corp. v. Twombly*, 550 U.S. at 545 (stating that a valid claim must have

enough factual allegations "to raise a right to relief above the speculative level"). Plaintiff's claim appears to be that Guitwein violated his equal protection rights when he convicted Plaintiff of the charges brought in Grecco's misbehavior report. That allegation alone does not raise a plausible claim that Plaintiff was selectively treated in comparison to other similarly situated inmates. Disciplinary hearings and sanctions are ubiquitous in the New York State prison system and the fact that Plaintiff received a disciplinary hearing and was convicted of the charges brought is not evidence of dissimilar treatment, but rather, indicates that he was treated in accordance with the established protocol that is applied to all inmates charged with a disciplinary infraction.

In sum, Plaintiff's argument is wholly conclusory and fails to state a plausible claim and we recommend **dismissal** of this equal protection claim for those reasons. *See Bell. Atl. Corp. v. Twombly*, 550 U.S. at 545.

### D. Due Process Claims

#### 1. *Denial of Parole*

Plaintiff alleges that, due to Grecco's misbehavior report and his subsequent conviction thereof, he was denied the opportunity to participate in an "Aggression Replacement Training" program and as a consequence, was not eligible for parole on his "original release date" of September 28, 2006. Compl. at ¶ 7.

In order to state a valid due process claim, Plaintiff must identify a protected liberty interest. Liberty interests protected by the Fourteenth Amendment's Due Process Clause are derived from the Due Process Clause itself or from state statute or regulations. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). The Supreme Court has narrowly circumscribed the scope of liberty interests emanating from the Due

Process Clause to protect "no more than the 'most basic liberty interests in prisoners.'" *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

With respect to parole, the Supreme Court has specifically stated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1978). Thus, Plaintiff does not have a liberty interest in parole deriving from the Due Process Clause itself. As per any potential liberty interest created by state statute or regulations, the Second Circuit has held that inmates in New York State do not have a protected liberty interest in parole. *See Barna v. Travis,* 239 F.3d 169, 171 (2d Cir. 2001).

Similarly, Plaintiff does not have a due process right to participate in a rehabilitation program emanating from the Due Process Clause. *See Moody v. Daggett*, 429 U.S. 78, 97 n.9 (1976) (holding that there is no "constitutional or statutory" due process right to rehabilitative programs in the federal penitentiary system). Nor does New York State confer upon Plaintiff a liberty interest in any particular inmate program. *See West v. Keane*, 1997 WL 266977, at *4 (S.D.N.Y. May 19, 1997) (cancellation of a vocational and rehabilitative program did not constitute an "atypical and significant" hardship on inmates so as to imbue them with a liberty interest); *see also Lee v. Governor of the State of N.Y.*, 87 F.3d 55, 58 (2d Cir. 1996) (no liberty interest in temporary work-release program).

Because Plaintiff has failed to identify a protected liberty interest, his due process claims concerning his participation in a rehabilitation program and his subsequent ineligibility for parole should be **dismissed**.

## 2. *Disciplinary Hearing*

Plaintiff alleges Defendant Guitwein violated his due process rights during the course of a Tier III disciplinary hearing addressing the charges brought in Grecco's misbehavior report. Although somewhat unclear, Plaintiff appears to claim that Guitwein (1) predetermined his guilt and (2) improperly credited Grecco's testimony simply because she is a female civilian, notwithstanding that her testimony at the hearing did not mirror the accusations in her misbehavior report. Defendants assert that this claim is conclusory and therefore ripe for dismissal. Defs.' Mem. of Law at p. 6.

We agree with Defendants that, in addition to being very difficult to read because of its miniature print, the Complaint is unclear and raises several conclusory claims. For example, Plaintiff's claims regarding the basis for Grecco's misbehavior report are highly cryptic in nature. He does not provide any detail regarding the charges brought, except to say that Grecco accused him of making an "inappropriate request." Compl. at ¶ 6. Plaintiff further asserts that Grecco's disciplinary hearing testimony that she felt "threatened" by his inappropriate request was not included in her misbehavior report and therefore, was contradictory and inconsistent. *Id.* However, because Plaintiff provides no details regarding the charges nor the factual basis for his conviction, there is no basis upon which this Court can evaluate the plausibility of his claim. Similarly, Plaintiff's claims against Guitwein are stated broadly and without detail. Plaintiff appears to claim that Guitwein was a partial hearing officer who predetermined his guilt, *see* Compl. at ¶¶ 7 & 9, but he offers no factual allegations in support of those claims. Beyond his conclusory allegations about Grecco's testimony and lack of credibility, Plaintiff identifies no actions during the disciplinary hearing reflecting Guitwein's alleged bias and/or partiality.

Finally, even if we were to look past the conclusory nature of Plaintiff's due process claims concerning his disciplinary hearing, we would still recommend dismissal because Plaintiff has, once again, failed to identify a protected liberty interest. The Supreme Court held in *Sandin v. Conner* that state-created liberty interests shall be limited to those deprivations which subject a prisoner to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In this case, Plaintiff alleges that as a result of his conviction at the disciplinary hearing presided over by Guitwein, he received a punishment of ninety (90) days solitary confinement. Compl. at ¶ 7. While the Second Circuit has cautioned that "there is no bright-line rule regarding the length or type of sanction" that meets the *Sandin* standard, *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999), courts in this Circuit have held that a ninety (90) day period in solitary confinement, absent additional adverse conditions (none of which are alleged here), does not constitute an atypical and significant hardship. *See Sealey v. Giltner*, 197 F.3d 578, 589-90 (2d Cir. 1999) (101 days in normal Special Housing Unit conditions was not atypical or significant); *Walker v. Caban,* 2008 WL 4925204, at *11 (S.D.N.Y. Nov. 19, 2008) (Peck, M.J.) (finding 90 day period in solitary confinement, without more, did not implicate a liberty interest under *Sandin*)*; Rivera v. Coughlin*, 1996 WL 22342, at *5 (S.D.N.Y. Jan. 22, 1996) (89 days in keeplock does not create a liberty interest); *cf. Oritz v. McBride*, 380 F.3d 649, (2d Cir. 2004) (holding that a 90 day period of solitary confinement could create a protected liberty interest *where plaintiff alleged additional hardships beyond the "normal" solitary confinement conditions*). Therefore, Plaintiff has failed to allege a liberty interest, rendering his due process claim facially invalid.

For all the above reasons, we recommend **dismissal** of Plaintiff's due process claims.

**E. Claims against Bailey**

Plaintiff alleges that Defendant Bailey is liable because she was Grecco's supervisor, failed to remedy the alleged constitutional violations, was grossly negligent in her supervision and training of Grecco, and failed to establish policies to guide her subordinates. Compl. at ¶ 7. Plaintiff also alleges that he wrote to Defendant Bailey about his conditional release date, but she did not respond until he filed a grievance against Bailey regarding her failure to respond to his letter. Compl. at ¶ 6. Finally, Plaintiff states that Bailey chose to put the same date on her response to him as the date he was found guilty at the Tier III disciplinary hearing, "which clearly shows that she either waited until [Plaintiff] was penalized to tell [him he] wasn't going home on [his] original conditional release date [of] September 26, 2008 or she waited [until] the grievance came about to choose to respond and chose to put the same day [he] got penalized so it look[ed] like she [was] responding before the grievance." *Id.*

With respect to his claims regarding his correspondence with Bailey and her alleged delayed and coincidentally timed response, the facts posited do not plausibly suggest the violation of any constitutional right and, as such, they should be dismissed. *See Bell. Atl. Corp. v. Twombly*, 550 U.S. at 545; *see also Jemzura v. Public Serv. Com'n,* 961 F. Supp. 406, 413 (N.D.N.Y. 1997) (citing *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) for the proposition that "[e]ven a *pro se* Complaint must be dismissed if it contains only conclusory, vague or general allegations") (internal quotations omitted).

With respect to Plaintiff's supervisory liability claims against Bailey, because we find that Plaintiff's underlying constitutional claims are without merit, there is no basis upon which supervisory liability could attach to Bailey. *See Blyden v. Mancusi,* 186 F.3d 252, 265 (2d Cir.

1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation."). Therefore, it is recommended that Plaintiff's supervisory liability claims against Bailey be **dismissed**.

### F. Right to Privacy

Plaintiff alleges his privacy rights were violated, though he does not provide any factual basis for that accusation. Compl. at ¶ 7. Although he states that Grecco "continued to act unprofessional by saying other things to inmates about [him]," Compl. at ¶ 6, he does not allege what information Grecco shared with other inmates, nor how such divulgence violated his privacy rights. As such, this claim is wholly conclusory and should be dismissed for failure to plausibly allege a constitutional violation. *See Bell. Atl. Corp. v. Twombly*, 550 U.S. at 545.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 12) be **GRANTED**[2] in its entirety and the Complaint (Dkt. No. 1) **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y*

---

[2] Because we recommend granting Defendants' Motion and dismissal of the Complaint, we need not address Defendants' Motion for a Protective Order Staying Discovery, which was included as part of their Motion to Dismiss. *See* Defs.' Mem. of Law at pp. 12-13.

*of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   February 18, 2010
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge